**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Regina M. Rodriguez**

Civil Action No. 26-cv-3071-RMR

EDIN HILLOW MOHAMED,

      Petitioner,

v.

JUAN BALTAZAR, Warden of the Denver Contract Detention Facility;
GEORGE VALDEZ, Acting Field Director of the Denver U.S. Immigration and Customs Enforcement ("ICE") Field Office;

      Respondents.

---

**ORDER**

---

Petitioner Edin Hillow Mohamed ("Petitioner") is a native and citizen of Ethiopia. ECF No. 1 ¶ 1. He entered the United States in October 2024 and has been detained by ICE since that time. *Id.* ¶ 25. The Department of Homeland Security ("DHS") placed Petitioner in removal proceedings before an immigration judge ("IJ"), and Petitioner subsequently sought asylum and protection from removal. *Id.* ¶ 26. The IJ denied his request and ordered him removed to Ethiopia on July 11, 2025. *Id.* ¶ 27. Petitioner appealed the decision to the Board of Immigration Appeals ("BIA"), but the appeal was denied on January 5, 2026. *Id.* ¶ 28. That same day, Petitioner asked ICE to remove him to Ethiopia and signed paperwork to obtain travel documents, because his identity documents were lost or taken when he was in Mexico. *Id.* ¶ 29. On March 19, 2026, ICE served Petitioner with a post-order custody review that simply stated he would remain in

custody, because ICE expected to receive his travel documents and his removal was likely to occur. *Id.* ¶ 30. Petitioner remains detained at the Denver Contract Detention Facility. *Id.* ¶ 1.

Petitioner filed a Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1,[1] seeking immediate release." *Id.* at 12. Respondents "are not submitting a brief in opposition to the Petition" and "submit that if the Court does grant the Petitioner, the appropriate relief would be an order directing Petitioner's release on conditions to be set by DHS. ECF No. 7 at 1-2. Petitioner has been detained longer than the presumptively reasonable six-month period established in *Zadvydas*. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). And Respondents have not demonstrated that ICE is likely to receive his travel documents in the foreseeable future. Therefore, the Court agrees with the parties and finds that immediate release is appropriate. However, any release conditions to be set by DHS must be limited to those outlined in 8 U.S.C. § 1231(a)(3)—"(A) to appear before an immigration officer periodically for identification; (B) to submit, if necessary, to a medical and psychiatric examination at the expense of the United States Government; (C) to give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate; and (D) to obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien."

**CONCLUSION**

---

[1] Respondents filed a Response to the Petition and Court's Orders to Show Cause. ECF No. 7.

For the reasons set forth above, IT IS ORDERED that:

1. The Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. Respondents shall release Petitioner from custody **IMMEDIATELY**, but no later than within **24 HOURS** of this Order and may impose reasonable conditions of release or supervision as outlined in this Order;

3. Respondents shall file a status report within **48 HOURS** of this Order to certify compliance; and

4. Respondents are further **ENJOINED AND RESTRAINED** from re-detaining Petitioner absent providing Petitioner with written notice and a hearing prior to re-detention at which Respondents bear the burden of proof by clear and convincing evidence that Petitioner's re-detention is warranted; and

DATED: July 22, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge

3